UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

DANIEL SHORT AND JOHN VOLNY, on behalf
of themselves and all others similarly situated,

                                   Plaintiffs,

                   -against-

CHURCHILL BENEFIT CORPORATION DBA
YURCOR; FRAMESTORE, INC.; AND PANDA
PANTHER, INC.,

                                Defendants.

-------------------------------------------------------------- x

Case No. 14-CV-4561-MKB-JMA

**AMENDED ANSWER,**
**AFFIRMATIVE DEFENSES,**
**& CROSSCLAIMS**

      Defendant Framestore, Inc. ("Framestore"), by and through its undersigned attorneys, hereby amends its answer to the First Amended Class Action Complaint filed on September 5, 2014 (the "Complaint") by Plaintiffs Daniel Short and John Volny (together, "Plaintiffs"), as follows:

## STATEMENT OF THE CASE

      1.      Framestore denies each and every allegation asserted against it that is set forth in the first, unnumbered Paragraph on Page 1 of the Complaint, except admits that Plaintiffs purport to bring claims on a class basis under the New York Labor Law and for conversion, but denies that Plaintiffs are entitled to recovery for any such claims.

      2.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 1 of the Complaint, except admits that Plaintiffs purport to pursue the claims set forth therein on a class basis, but denies that Plaintiffs are entitled to recovery for any such claims.

      3.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 2 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

      4.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 3 of the Complaint, except admits that Yurcor provided its employees to Framestore to

provide service, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

5.      Paragraph 4 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore denies each and every allegation asserted against it that is in Paragraph 4 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

6.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 5 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

## **JURISDICTION AND VENUE**

7.      Paragraph 6 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore denies each and every allegation asserted against it that is set forth in Paragraph 6 of the Complaint, except admits that subject matter jurisdiction is appropriate.

8.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 7 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

9.      Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8, but admits that Framestore is a citizen of the state of New York.

10.      Framestore denies each and every allegation asserted against it that is set forth in Paragraph 9 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

11.      Paragraph 10 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore denies knowledge or information

sufficient to form a belief as to the truth of Plaintiffs' residency and citizenship, but admits that it performed business in this District.

12.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 11 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

13.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 12 of the Complaint, except admits that Plaintiffs purport to seek the relief set forth therein, but denies that Plaintiffs are entitled to recovery thereof, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

## PARTIES

14.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, except admits that Plaintiff Short performed services for it through Yurcor.

15.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, except admits that Framestore does business in New York.

16.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15.

17.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, except admits that it is in the business of producing visual effects in New York City.

## CLASS ACTION ALLEGATIONS

18.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 17 of the Complaint, except admits that Plaintiffs purport to proceed on a class basis, but

deny that any class is appropriate, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

19.     Paragraph 18 of the Complaint sets forth a legal conclusion as to which no response is required.   To the extent a response is required, Framestore denies each and every allegation asserted against it that is set forth in Paragraph 18 of the Complaint, except admits that Plaintiffs purport to seek relief under New York Law, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

20.     Framestore admits that Plaintiffs seek to certify a class as defined in Paragraph 19 of the Complaint, but denies that any such class exists.

21.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 20 of the Complaint.

22.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 21 of the Complaint.

23.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 22 of the Complaint.

24.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 23 of the Complaint.

25.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 24 of the Complaint.

26.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 25 of the Complaint.

27.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 26 of the Complaint, inclusive of Subparagraphs 1-6.

28.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 27 of the Complaint.

29.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 28 of the Complaint.

30.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 29 of the Complaint.

31.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 30 of the Complaint.

## COMMON FACTUAL ALLEGATIONS

32.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, except denies that it employed Plaintiffs.

33.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 32 of the Complaint, except admits that Plaintiff Short provided services for it as an employee of Yurcor, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

34.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 33 of the Complaint, except admits that it is a production company that creates visual effects and that it interviewed and agreed upon daily wage rates for the services of artists, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

35.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 34 of the Complaint, except admits that it contracted with Yurcor to provide employees to it and that Yurcor was at all times responsible for payroll for its employees, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

36.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 35 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

37.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 36 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

38.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 37 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

39.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 38 of the Complaint, except admits that the artists were employees of Yurcor that provided services to it, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

40.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 39 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

41.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 40(a), inclusive of Subparagraphs "(i)" through "(v)," except admits that Plaintiff Short provided services to it as an employee of Yurcor from approximately June 2012 to June 2013, that he met with Framestore, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

42.     Framestore denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40(b), inclusive of Subparagraphs "(i)" through "(iv)."

43.     Paragraph 41 of the Complaint sets forth legal conclusions as to which no response is required.  To the extent a response is required, Framestore denies each and every allegation asserted against it that is set forth in Paragraph 41, except admits that it contracted with Yurcor to provide employees to it and that Yurcor was at all times responsible for payroll for its employees, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

44.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 42 of the Complaint, and denies knowledge or information sufficient to form a belief as to all remaining allegations.

### PENALTIES, LIQUIDATED DAMAGES, ATTORNEYS' FEES AND COSTS

45.     Paragraph 43 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Labor Law provides as set forth in Paragraph 43 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

### FIRST CLAIM

### (For Violation of Labor Law § 193)

46.     Framestore incorporates the responses made to Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

47.     Paragraph 45 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Labor Law provides as set forth in Paragraph 45 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

48.     Paragraph 46 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Department of Labor Regulations provides as set forth in Paragraph 46 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

49.     Paragraph 47 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Labor Law and the New York Department of Labor Regulations provide as set forth in Paragraph 47 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

50.     Paragraph 48 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Department of Labor Regulations provide as set forth in Paragraph 48 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

51.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 49 of the Complaint.

## SECOND CLAIM

### (Violation of Labor Law § 195)

52.     Framestore incorporates the responses made to Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

53.     Paragraph 51 of the Complaint sets forth a legal conclusion as to which no response is required.  To the extent a response is required, Framestore admits that the New York Labor Law provides as set forth in Paragraph 51 of the Complaint, but denies that Plaintiffs are entitled to any relief thereunder.

54.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 52 of the Complaint.

55.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 53 of the Complaint.

## THIRD CLAIM

### (For Conversion)

56.     Framestore incorporates the responses made to Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

57.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 55 of the Complaint, except admits that individuals are entitled to compensation for work performed.

58.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 56 of the Complaint, except admits that it contracted with Yurcor to provide payroll services and paid Yurcor amounts to satisfy any payment obligations to certain individuals that performed services for it.

59.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 57 of the Complaint.

60.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 58 of the Complaint.

61.     Framestore denies each and every allegation asserted against it that is set forth in Paragraph 59 of the Complaint.

62.     Framestore denies each and every allegation asserted against it that is set forth in the WHEREFORE clause of the Complaint, inclusive of Subparagraphs 1-14, and specifically denies that any individual who performed services for Framestore is entitled to any such relief.

## DEMAND FOR JURY TRIAL

63.     Framestore objects to a trial by jury on Plaintiffs' equitable claims, claims for back pay, and all other claims or issues as to which Plaintiffs are not entitled to a jury as a matter of right or law.

## GENERAL DENIAL

64.     Framestore denies each and every allegation asserted against it that is in the Complaint that has not otherwise been specifically admitted or denied herein.

65.     Framestore denies knowledge or information sufficient to form a belief as to every allegation in the Complaint directed at or concerning any other Defendant, except as specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred because they have been paid all sums or wages owed.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and/or putative members of the purported class defined in the Complaint lack standing to assert any purported cause of action against Framestore and lack standing to represent the interests of some or all of the putative class members against Framestore.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of some or all of the putative members of the class defined in the Complaint are barred by the doctrines of estoppel, offset, and/or setoff.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred because they were not "employees" of Framestore, as defined by the New York Labor Law and implementing regulations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred because Framestore was not an "employer" of them, as defined by the New York Labor Law and implementing regulations.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred because Framestore was not a "joint employer" of them, together with any other entity, including but not limited to, any other Defendant in this case.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred in whole or part because the deductions, if any, were not "wages" within the meaning of the New York Labor Law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred in whole or in part because the deductions, if any, were authorized by Section 193 of the New York Labor Law and 12 NYCRR §§ 195-2.1, 195-4.3(b).

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or some or all of the putative members of the purported class defined in the Complaint are barred from recovering for unlawful deductions, if any, against Framestore, because Framestore did not make or direct another to make any such deductions.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint under Section 195 of the New York Labor Law are barred because Framestore was not under any obligation to provide a time of hire notice to them.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and/or some or all of the putative members of the class defined in the Complaint are barred from recovering penalties or liquidated damages pursuant to the New York Labor Law because Framestore's alleged acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omission, if any, were not a violation of any applicable law.

11

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover both liquidated damages and a penalty under the New York Labor Law, such relief is inappropriate, as it would amount to a double recovery.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative members of the purported class defined in the Complaint are barred from recovering penalties or liquidated damages pursuant to the New York Labor Law because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Framestore nor any agent or employee of Framestore acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative members of the purported class action defined in the Complaint are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Each cause of action in the Complaint is barred to the extent that Plaintiffs and/or any putative members of the purported class defined in the Complaint consented to any of the alleged activity or conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction and payment.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for conversion and the claims of some or all of the putative members of the purported class defined in the Complaint are barred as against Framestore because Framestore

never exercised ownership, dominion, or possession of the funds or monies upon which Plaintiffs' conversion claims are based.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs do not state, nor can Plaintiffs state, facts sufficient to certify a class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

There is a lack of common issues of fact or law and, accordingly, this action is not properly brought as a class action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not proper representatives of the class they purport to represent and, accordingly, this action is not properly brought as a class action.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical of the class they purport to represent and, accordingly, this action is not properly brought as a class.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The purported class is not sufficiently numerous and, accordingly, this action is not properly brought as a class.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The class action procedure is not the superior method for adjudicating Plaintiffs' claims or the claims of the purported class and, accordingly, this action is not properly brought as a class action.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred, in whole or in part, by the doctrines of res judicata, judicial estoppel and/or collateral estoppel.

<u>**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred, in whole or in part, because Plaintiffs and/or putative class members have waived and/or released such claims in exchange for adequate consideration.

<u>**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims and the claims of the putative members of the purported class defined in the Complaint are barred, in whole or in part, because Plaintiffs have failed to join a necessary and indispensable party.

<u>**CROSSCLAIMS AGAINST YURCOR**</u>

Defendant/Plaintiff Framestore, Inc. ("Framestore"), by and through its undersigned attorneys, Sheppard, Mullin, Richter & Hampton, LLP, hereby asserts the following Crossclaims against Defendant/Cross-Defendant Churchill Benefit Corporation d/b/a Yurcor ("Yurcor"), pursuant to Rule 13(g) of the Federal Rules of Civil Procedure, herein as follows:

<u>**PARTIES**</u>

1.      Cross-Plaintiff Framestore is an award-winning visual effects, design, and consulting company with offices in the United States, Canada, and Great Britain.

2.      Upon information and belief, Cross-Defendant Yurcor is a Delware corporation with its main business operations in the State of Florida, and, at all times relevant to the instant action, was doing business in the State of New York.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c) as Cross-Defendant Yurcor does business in this District.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1367 as Cross-Plaintiff Framestore's crossclaims against Cross-Defendant Yurcor are so related to the claims brought by Plaintiffs in the underlying action as to form part of the same case or controversy.

## FACTS

### The Client Agreements

5.       On or about August 3, 2009, Framestore entered into a client agreement with Yurcor under which Yurcor agreed to provide certain services to Framestore.  Similar client agreements were executed by Framestore and Yurcor on July 10, 2010 and March 1, 2013 (collectively, the "Client Agreements").

6.       Pursuant to the Client Agreements, Yurcor provided Framestore with Yurcor employees who performed work at Framestore on an independent contractor basis.  Yurcor retained "exclusive control" over the terms and conditions of its employees' employment and the terms under which it provided its employees to Framestore.  Further, Yurcor had the exclusive responsibility for paying wages, withholding taxes, and administering any other deductions from the wages of its employees.

7.       Pursuant to the Client Agreements, Yurcor explicitly and implicitly agreed to pay its employees appropriately and to provide Framestore with lawfully employed and appropriately paid employees.  To the extent Yurcor failed to pay the employees it provided to Framestore appropriately, Yurcor breached its contractual duties to Framestore.

### The Instant Litigation

8.       On or about September 5, 2014, Plaintiffs commenced the instant Litigation.  In their First Amended Complaint, Plaintiffs allege that Framestore, Yurcor, and other defendants are employers of the Class Members, and that Framestore, Yurcor, and other defendants made illegal deductions from the wages of the Class Members in violation of New York Labor Law.

9.       Plaintiffs also allege that Framestore, Yurcor, and other defendants failed to give proper wage notices to Plaintiffs in violation of New York Labor Law.

10.       Pursuant to the Client Agreements, not only is Yurcor exclusively responsible for the proper payment of wages  and deductions from its employees' wages, including those of Plaintiffs

and the other putative Class Members, but the Client Agreements expressly provide that the employees are "solely . . . employee[s] of Yurcor, not . . . employee[s] of [Framestore.]"

11.     To the extent that Framestore is found jointly, severally, or independently liable for Plaintiffs' claims, it is because Yurcor breached its obligation to its employees and to Framestore.

12.     Consequently, Yurcor must indemnify Framestore for any liability it incurs as a result of the instant litigation, whether in judgment or settlement.

## CROSSCLAIM COUNT ONE
### (Breach of Contract)

13.     Framestore repeats and realleges the allegations set forth in Paragraphs 1 through 12 of the Crossclaims as if fully set forth herein.

14.     Yurcor and Framestore were parties to a series of Client Agreements under which Yurcor agreed to perform certain services for Framestore, and under which Yurcor retained exclusive control over the manner and means of performing its services.

15.     Pursuant to the Client Agreements, Yurcor agreed to provide Framestore with the services of its lawfully and appropriately paid employees to perform work on behalf of Framestore on an independent contractor basis.

16.     Framestore performed fully under the Client Agreements and remitted all required payments to Yurcor pursuant to the terms of those Agreements.

17.     To the extent that Yurcor made improper deductions from the wages of its employees or otherwise failed to provide employees to Yurcor that were appropriately paid under the law, Yurcor breached the terms of its Client Agreements with Framestore.

18.     To the extent that Yurcor failed to give its employees proper wage notices as required by New York Labor Law, Yurcor breached the terms of its Client Agreements with Framestore.

19.     Accordingly, Yurcor is liable to Framestore for breach of contract and damages in an amount not less than  the damages, if any, imposed on Framestore as a result of Plaintiffs' claims.

## CROSSCLAIM COUNT TWO
### (Common Law Indemnification)

20.     Framestore repeats and realleges the allegations set forth in Paragraphs 1 through 19 of the Crossclaims as if fully set forth herein.

21.     Pursuant to the Client Agreements, Yurcor assumed sole and exclusive responsibility for the payment of wages, deductions, and provision of wage notices for its employees that it provided to Framestore to perform work on an independent contractor basis.  Further, pursuant to the Client Agreements, the employees, including Plaintiffs, were exclusively employees of Yurcor and were not employees of Framestore at all times relevant to the Plaintiffs' claims.

22.     To the extent Framestore is held liable with respect to any or all of Plaintiffs' claims, Framestore is entitled to indemnification from Yurcor because Yurcor is solely responsible for the alleged conduct giving rise to Plaintiffs' claims and thus is responsible for damages, if any, claimed by Plaintiffs.

## RESERVATION OF RIGHTS

Framestore reserves the right to assert additional affirmative defenses as Plaintiffs' claims are clarified in the course of this litigation.

**WHEREFORE**, Framestore demands judgment as follows:

A.     Denying Plaintiffs' request to proceed as a class action;

B.     Denying all relief sought by Plaintiffs and dismissing the Complaint in its entirety;

C.     Awarding Framestore its costs, disbursements, and reasonable attorneys' fees incurred in this action;

D.     Granting judgment to Framestore on all of its crossclaims against Yurcor; and

E.     Granting such other and further relief as the Court deems just and proper.

Dated:  October 31, 2014

Respectfully submitted,

**SHEPPARD MULLIN RICHTER &
HAMPTON LLP**


By:_____s/ Jonathan Stoler_____
       Jonathan Stoler
       Brian D. Murphy
       30 Rockefeller Plaza, 39th Floor
       New York, NY   10112
       Tel.: 212.653.8700
       Fax: 212.653.8701

       *Attorneys for Defendant Framestore, Inc.*

## CERTIFICATE OF SERVICE

I, Rachel J. Tischler, hereby certify that on October 31, 2014, I caused a copy of Framestore, Inc.'s Amended Answer, Affirmative Defenses, and Crossclaims to be served on all parties of records by the Court's electronic case filing system.

Rachel J. Tischler
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
Tel: (212) 653-8700